276 So.2d 286 (1973)
Thomas SMOLINSKI, Sr., Individually and as Administrator of the Estate of his minor son, Thomas Smolinski, Jr., Plaintiff-Appellant-Relator,
v.
Saverio TAULLI, Defendant-Appellee-Respondent.
No. 52386.
Supreme Court of Louisiana.
March 26, 1973.
Rehearing Denied May 7, 1973.
*287 Dufour, Levy, Marx, Lucas & Osborne, Michael Osborne, New Orleans, for plaintiff-applicant.
Nelson, Nelson, Garretson, Lombard & Rothschild, J. Thomas Nelson, Charles C. Garretson, Michael A. Dessommes, New Orleans, for defendant-respondent.
TATE, Justice.
The principal issue of this appeal concerns a landlord's liability, if any, for injuries to a child of a tenant who fell to the ground from the landing of stairs leading downstairs from a first-floor apartment. The allegation is that the upstairs landing and the stairs were unreasonably hazardous for the use of children, in that there was no guard-rail between the hand-rail and the floor level three feet beneath the hand-rail. As a result, it is alleged, the *288 plaintiff Smolinski's two-year old son fell through this unguarded space to the ground below and suffered multiple skull fractures and permanent brain damage.
The court of appeal, one judge dissenting, affirmed the trial court's dismissal of the plaintiff father's suit to recover medical expenses on his own behalf and general damages for the injured child. 259 So.2d 378 (La.App.4th Cir. 1972). We granted certiorari, 261 La. 772, 260 So.2d 700 (1972), to review the intermediate court's holding that the maintenance of these premise conditions did not result in liability of the owner-landlord for a small child injured as a result.

Facts
The court of appeal correctly summarized the facts as follows:
"Defendant Taulli rented to the plaintiff a one-bedroom efficiency apartment located on the second floor over a garage. A flight of outside stairs led to a landing and small porch over the garage by which means ingress was achieved to the apartment. From photographs, we see that the porch is enclosed on one side by a wall, and protected in the front by a double railing with horizontal members 36 inches and 18 inches above the floor and secured at each end to the two porch posts supporting the porch roof. At the end opposite the wall, a landing, approximately half the width of the porch, was located, which jutted out a few feet past the front of the porch, and from which descended a flight of some 14 concrete stairs at a 90 degree angle to the front of the house and porch. This landing and flight of stairs are enclosed by a railing consisting of several vertical members at varied intervals, approximately 36 inches high, with a horizontal rail connecting them at a height of 36 inches.
"The plaintiff child, Tom, Jr., was at the time of the accident, two years old and somewhat less in height [4-5 inches] than the 36-inch railing. On September 20, 1967, he walked away from his mother inside the apartment, somehow opened the door, exited to the porch, and thence to the landing. He was found under the landing minutes later and taken to the hospital with a skull fracture and alleged mental injuries which are the basis of this suit."
Although the defendant contends to the contrary, the great preponderance of the evidence further proves: The landlord Taulli knew that the Smolinskis had four small children in the apartment. The two-year old boy, who had climbed on a chair and unlatched the door leading to the landing, was found immediately below it. He had undoubtedly fallen or stumbled from the landing of the upper stairs at a place where there was no guard-rail between the hand-rail and the floor surface three feet below it; his slipper was found on the landing there, and he himself was found immediately beneath this spot.

1.
The following general principles are here applicable:
Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153 (1968). See also Restatement of Torts, Second, Sections 282, 284, 343 (1965). Further, where small children may be expected to be exposed to the risk, liability for their consequent injury results from conduct or from the maintenance of premise conditions creating an unreasonable risk of injury to them. Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954); Salter v. Zoder, 216 La. 769, 44 So.2d 862 (1950). See also Restatement of Torts Second, Sections 339, 343B (1965).
In accordance with these applicable general principles, we find the stairway and *289 landing were not reasonably safe for the intended use by persons, especially children, whom the landlord-owner could reasonably foresee would use it. (The landlord Taulli himself admitted knowing the premises were dangerous for use of children, Tr. 147, but unconvincingly attempted to exculpate himself by denying that he knew his tenants (who rented premises adjacent to his business place) had four small children in the premises.)
As a matter of fact, the landlordowner Taulli had constructed and maintained this stairway in violation of the Jefferson Parish Building Code.[1] This enactment requires adequate guards on each side of stairways, in addition to a hand-rail, and further provides that the hand-rail or railing should be placed not more than 30 inches above the tread-level.[2] While statutory violations are not in and of themselves definitive of civil liability, they may be guidelines for the court in determining standards of negligence by which civil liability is determined. Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971).
In holding to the contrary, the intermediate court relied upon its predecessor court's prior decisions in Golden v. Katz, 11 So.2d 412 (La.App.Orl.1943) and Guidry v. Hamlin, 188 So. 662 (La.App., 1939). These decisions denied recovery to parents of children who allegedly fell from porches or stairways with inadequate guard-rails. Neither of the decisions is persuasive authority contrary to the conclusions we have reached:
The Guidry case concerned a child who slipped between the lower guard-rail, 19½ inches from the floor level, and built in conformance with the building codethe court held that the owner was not the insurer of safety of children and was not negligent for having failed to equip the porch with vertical pickets, since not required to make his building foolproof and to make it impossible for infants to climb under guard-rails. A holding in the Golden case is that the plaintiff did not prove that the child's fall had any causal relationship with the lack of the bannister, in view of the uncertainty as to where and why the child fell.
The absence of a guard-rail in the 36-inch opening between the hand-rail and the floor at the stair-landing is a legal or proximate cause of the child's fall. By a preponderance of the evidence (i. e., more probably than not), it was a substantial factor in the child, only 30 inches tall, *290 walking or stumbling straight over the edge of the landing at a place where there was no such guard-rail. See: Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971); Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
We therefore hold that the defendant Taulli is liable for the damages resulting from the fall of the child as a proximate consequence of his negligent construction and maintenance of the unguarded stairway and stair-landing.

2.
Alternatively, it is suggested that at least recovery of the medical expenses should be disallowed because of contributory negligence of the mother, allegedly imputable to the plaintiff father as head of the community.
The contributory negligence suggested is that she permitted the small child to escape from the small apartment. She had locked the door to keep her small children in. The child escaped by pulling over a chair, climbing on it, and unlatching the screen door. At the time, his mother was rinsing in the bathtub a sheet that a smaller baby had dirtied.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. Restatement of Torts Second, Section 463 (1965). The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances. Restatement of Torts Second, Section 464 (1965). See: Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); Sloan v. Flack, 150 So.2d 646 (La.App.3d Cir. 1963). The party relying upon contributory negligence has the burden of proving it. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465 (1963).
Failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute negligence or contributory negligence. Turner v. Caddo Parish School Board, 252 La. 910, 214 So.2d 153 (1968); Wheat v. New Orleans and Northeastern Railroad Co., 245 La. 1099, 163 So.2d 65 (1964). A mother of small children is not required to chain them up or to act as their constant jailer in order to absolutely secure them from exposure to hazards negligently created or maintained by a tortfeasor. She is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances. Cf., Brown v. Liberty Mutual Insurance Co., 234 La. 869, 101 So.2d 696 (1958).
Measured by this test, the mother's precautions against harm to her child were reasonable and did not fall below the standard of conduct required for such protection. The defendant has not borne his burden of proving contributory negligency on the part of the mother.

3.
Therefore, we find that the plaintiff is entitled to recover for the damages caused him and his child by the latter's injuries, which we find resulted from the defendant's negligence. However, as a matter of present preferable policy, we usually do not fix quantum where neither the trial nor the intermediate court has passed upon this question. See e. g., Nelson v. Zurich Insurance Co., 247 La. 438, 172 So.2d 70 (1965). See also: Smith v. Hartford Accident and Indemnity Co., 254 La. 341, 223 So.2d 826 (1969). Instead, we remand the proceedings for such purpose.

*291 Decree

For the reasons assigned, the judgments of the district court and of the Court of Appeal, Fourth Circuit, are reversed insofar as they dismiss the demand of the plaintiffs. The case is remanded to the Court of Appeal, Fourth Circuit, in order that it may fix the damages to which the plaintiff is entitled; and for such court to render judgment for such sums against the defendant. All costs are taxed against the defendant.
Reversed and remanded.
HAMLIN, C. J., dissents, being of the view that the result reached by the Court of Appeal is correct.
SUMMERS, J., is of the opinion the judgment of the Court of Appeal is correct. Accordingly, I dissent.
NOTES
[1] It was also in violation of City of Gretna Ordinance # 881 (June 6, 1950), adopting the National Building Code. See Section 15(10). The trial and intermediate courts excluded this ordinance from evidence (it is the record by means of a proffer of proof) on the ground that the plaintiff's petition did not specifically allege this ordinance, and the plaintiff's plea for an instanter amendment (since no surprise was involved) was rejected. While it is doubtful the evidentiary ruling is correctsince the ordinance was introduced to show the lack of hand-railing was unreasonably dangerous, as pleaded, rather than as an ultimate fact, we need not rule upon this issue because it is conceded that the Jefferson Parish ordinance is properly in evidence.
[2] Article 3305 ("Railings") of the Jefferson Parish Building Code provides:

"All stairways shall have walls, wellsecured balustrades, or guards on each side, and handrails shall be placed on at least one side of every stairway, preferably on the right side decending. Stairways exceeding 44 inches in width shall have handrails placed on each side. Stairways over 7 feet wide shall be provided with one or more continuous intermediate handrails substantially supported, and the number and position of intermediate handrails shall be such that there is not more than 66 inches between adjacent handrails. Handrails and railings shall be placed 30 inches above the nosing of treads, and ends of handrails shall be returned to the wall.
"In places where stairs are to be used mainly by children, such as schools, playgrounds, etc., an additional handrail shall be installed at least 6 inches below top of rail, at the discretion of the Director."