LEMMON, Judge.
Jefferson Insurance Company has appealed from a judgment awarding plaintiff damages for injuries sustained when he was struck by a motorcycle operated by Ulysses J. Rodney, Jr., a minor insured under his father’s policy with Jefferson. lThe principal issue on appeal is whether plaintiff’s recovery is barred by his contributory negligence.
Plaintiff, then 21 years old, worked with Rodney at a local hospital. On the evening of the accident the two rode together on Rodney’s motorcycle to visit Leon Richard, Rodney’s friend. Several more of Rodney’s friends were watching television *582 at Richard’s home when they arrived. About 11:00 P.M. Rodney and another youngster left together on the motorcycle to buy hamburgers and malts for the group. As they left or shortly thereafter, plaintiff, Richard and two others went outside to wait for the refreshments. There they engaged in conversation for about five minutes, squatting in a group under a street light.
As Rodney turned the corner on his return trip, he saw his friends gathered about three-quarters of a block up the street. The group was in the lane to Rodney’s left. Instead of slowing, Rodney maintained his speed and headed in their direction. As he approached, the group dispersed into the driveway, except for plaintiff, who was struck by the motorcycle.
Plaintiff testified that they were squatting in the gutter next to the curbing and that when he saw the motorcycle turn the corner and heard it approaching, he rose from the squatting position. However, he did not remember what happened thereafter until he regained consciousness in the hospital.
Richard testified that they were sitting about three feet from the west curb and that, as the motorcycle came toward them, he and two others arose and moved into the driveway, but plaintiff was hit right after he arose.
Rodney testified that he was only attempting to play a joke on his friends by passing them and pretending he was not going to give them their refreshments; that as he approached the group at about 30 miles per hour, they started to disperse; that “the closer I got the more they seemed to disperse”; that he did not sound his horn or give any warning; that he did not see plaintiff until Michael Nelson moved “fast enough to get out of the way”; that Nelson moved to his (Rodney’s) left into the driveway; and that plaintiff jumped up, but since he was then only about ten feet away from plaintiff, he couldn’t avoid striking plaintiff.
The trial judge observed, “There is no question but that Ulysses J. Rodney was negligent.” We agree, since the overall evidence indicates that he was not heading around the group, but rather straight at them. Having seen the group from a considerable distance, Rodney was negligent in driving 30 to 35 miles per hour toward the point where they were congregated, instead of stopping or passing them on the right side of the street, where admittedly he had ample space to pass.
On the more seriously contested issue of contributory negligence, the trial judge found plaintiff negligent, but concluded this negligence was not the proximate cause of the accident.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, La., 276 So.2d 286 (1973). The determination of whether a plaintiff’s behavior constitutes contributory negligence must be made according to the facts and circumstances of each case. Here, plaintiff didn’t remember much about his actions, and the witnesses called by him were unspecific at best. However, plaintiff did not have to prove his freedom from negligence; the burden was on Jefferson to prove he was negligent. Smolinski v. Taulli, supra.
The group was waiting near the curbing on a residential street. If traffic approached in their lane at a reasonable speed, they could easily move into the driveway. However, when Rodney approached in the opposite lane, there was no reason to move, until it became apparent that Rodney was heading toward them at an excessive speed. The fact that three of the group managed to move out of Rodney’s path does not indicate plaintiff was negligent for being the last one to move or *583 to see the motorcycle approaching in the wrong lane.
Standing or squatting near the curbing in one lane of a quiet residential street at a time when there is no traffic in that lane is not negligent behavior in itself, although continuing in that position as circumstances change may constitute negligence. However, under the circumstances shown in this case, we conclude that Jefferson has failed to prove plaintiff was negligent.
Jefferson does not contest the amount of the award.
The judgment is affirmed.
Affirmed.