LEMMON, Judge
(dissenting).
I agree that the evidence preponderates in favor of the conclusion that defendant’s bus was a legal cause of the accident. I disagree, however, that defendant has borne the burden of proving that any contributory negligence by plaintiff was a legal cause of the accident.
Plaintiff’s own testimony completely exonerates him from liability. He testified he was driving on Robertson Street in his own lane, within the posted speed limit, and was in the act of passing defendant’s slower moving bus shortly b.efore reaching the intersection with France Street, when suddenly and without warning defendant’s bus invaded his lane by as much as 4 feet. He further stated that, when faced with this sudden emergency, he veered to the left without applying his brakes, fearful that application of brakes would cause skidding into the bus.
The witness, while estimating at trial that plaintiff was driving 30 to 35 miles per hour and in an earlier statement that plaintiff was driving 35 to 40 miles per hour, stated specifically at trial that he did not “notice anything unusual about the speed of this particular vehicle.” He further described plaintiff’s action upon being faced with the sudden emergency as follows :
“* * * He was just pulling up on the bus and when he swerved over, as he swerved over that’s when he turned to his left and brought her back, but he didn’t bring her back fast enough. He hit the telephone pole.”
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, La., 276 So.2d 286 (1973). In my opinion plaintiff’s behavior when the bus suddenly and without warning invaded his lane met the standard of that of a reasonable man under like circumstances. He immediately swerved to his left at a point near the southwest corner of Robertson and France Streets. He apparently entered France Street because (according to the witness and to the plaintiff’s version of the accident related to the investigating officer) he pulled back to the right but did not get back fast enough to avoid striking the utility pole on the northwest corner of the intersection.
I would not hold plaintiff at fault for not getting back fast enough. Neither would I hold him at fault for failing to brake (although upon deliberation in hindsight it might have been more prudent to do so) nor in losing control under frantic circumstances. Furthermore, the record does not support a conclusion that, if plaintiff slightly exceeded the speed limit, his excessive speed was a causative factor in the occurrence of the accident.
I would therefore hold that defendant failed to prove any contributory negligence by plaintiff which would constitute a legal cause of the accident.