LEMMON, Judge.
These three consolidated appeals involve an intersectional collision between a tractor-trailer unit and a city bus operated by defendant carrier. Suit No. 7263 presents the claim of the truck driver for personal injuries.[1] The trial court awarded damages in all three cases, and defendants appealed.
On appeal defendants concede that the awards were within the range of the judge’s discretion, but contest the finding of liability for these damages.
The accident occurred on a dry, clear day at the intersection of Louisiana Avenue and Loyola Street in the City of New *503 Orleans. Louisiana was a north-south thoroughfare divided by an 18-foot median, the northbound portion consisting of two 11-foot lanes for traffic and a parking lane of approximately the same width. Loyola was a two-lane, two-way undivided street, 32 feet in total width. A stop sign controlled Loyola traffic entering Louisiana.
Just prior to the accident the bus, headed west on Loyola, had reached the intersection and stopped at the corner to discharge passengers, with the front of the bus approximately four feet from the intersection. The bus driver testified: Intending to cross the northbound lanes of Louisiana and then to turn left and proceed south on Louisiana, he closed the door while stopped, noticing that southbound Louisiana traffic approaching from his right “looked all right.” He then looked to his left and saw plaintiff’s truck about three-fourths of a block away, traveling at a normal speed. He moved forward, but realized while in the intersection that he would have to stop for southbound traffic, and he lifted his foot from the pedal and began to brake. About the same time, he heard the loud blasting of a horn from the left, butmever looked back in that direction prior to impact. He brought the bus to a stop with the front inside the neutral ground area, and the impact occurred about one second after he completed the stop. He estimated that approximately four to five seconds elapsed between the start from the stopped position and the impact.
That the 40-foot long bus, in the location at time of impact, blocked both lanes of travel on Louisiana was established by evidence showing the measurements of the 18-foot median and two 11-foot lanes. Other evidence established that the truck was located in the right hand lane at time of impact and that the right front of the truck struck the left side of the bus, just behind the rear wheel. (Scale measurement of a photograph exhibit shows the point of major damage about eight feet from the rear).
The investigating officer contradicted the bus driver to some extent, stating that the bus driver told him he didn’t see the truck approaching from the left. The officer further confirmed that there were no obstructions to the view of either driver.
The truck driver testified: He was traveling in the right lane at 25 to 30 miles per hour, having just shifted to tenth gear. When he was about even with a certain building (determined by later measurement to be 125 feet from the intersection), he first saw the bus near the curb on Loyola, “creeping out”. He sounded his horn, but when the bus continued coming out into the intersection “pretty fast” and apparently was not going to stop, he shifted down to slow his speed, started applying the brakes, and “laid on” the horn. He “got over” to the right slightly, but was apprehensive about hard braking or swerving because the type of cargo in his trailer (45,000 pounds of green coffee) could shift upon sudden movement and cause complete loss of control and possible overturning of the trailer, with possible injury to people in the area. At impact the front of the bus was located near the east edge of the median and the bus was stopping but still moving slightly. His speed at impact was 10 to 15 miles per hour.
Subsequent testing showed that the bus took 6.2 seconds to move across Louisiana Avenue from a stopped position near the stop sign to a stopped position within the cut in the neutral ground. Testimony by other witnesses added little information of value, except for the general consensus that the bus at time of impact was either still moving or had just stopped.
Defendant driver’s negligence was essentially established by his own testimony that he saw the truck approaching at a normal speed and that the impact occurred only a second after he stopped in the neu *504 tral ground area. A motorist facing a stop sign is required not only to stop, but also to remain stopped and to yield the right of way to vehicles approaching so closely as to constitute an immediate hazard. R.S. 32:123; New Orleans City Code, 1956 § 38-97. The bus driver apparently either misjudged the closeness of the approaching truck or, more probably, had enough time when he entered the intersection to make the complete crossing, but was forced to make an unanticipated stop when he realized he had misjudged traffic approaching from the right. In either event he suddenly and unsafely blocked both northbound traffic lanes and created an emergency situation for plaintiff, to whom he should have accorded the right of way.
The other evidence argued in support of defendants’ position essentially bears upon the issue of contributory negligence.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, La., 276 So.2d 286 (1973). Under plaintiff’s version of the incident his conduct was entirely reasonable. This version was supported to some extent by other evidence and was accepted as credible by the trial judge, who found:
“When it became apparent that the bus was pulling out, it was simply too late to stop the heavy rig without substantial risk to the driver and any vehicles that may have been around. Faced with a sudden emergency not of his own making the driver’s efforts to avoid the collision were entirely reasonable.”
We note that the time required to travel 125 feet, moving at 36 feet per second (25 miles per hour) and slowing over the distance to 14 feet per second (10 miles per hour — the driver estimated his speed at impact at 10 to 15), is consistent with the time required (according to the tests) for the bus to travel the distance it did. However, under all of the circumstances of this case, we agree that the time (after it was apparent the bus was pulling out) simply was not sufficient to allow plaintiff to avoid the accident. A contrary conclusion would place too great a duty on the motorist with the right of way, who had no reason to anticipate that a vehicle would suddenly enter and block his path of travel.
The judgment is affirmed.

Affirmed.

. Suit No. 7264, 327 So.2d 504, presents the claim of the truck driver’s employer and insurer for property damage and workmen’s compensation benefits. Suit No. 7265, 327 So.2d 505, presents the personal injury claim of a bus passenger.