LEMMON, Judge
(dissenting).
The evidence established that the elevator fell when the open hook became undone from the top of the elevator cage. The most plausible explanation from the evidence as to the events occurring immediately thereafter was that plaintiff was struck by the top beam of the elevator (although plaintiff could not remember being struck, nor could he testify as to what caused him to fall).
Inasmuch as the accident would not have happened if the elevator had been equipped with a safety device to prevent unhooking, the absence of this vital device was a cause-in-fact of the accident. This is so even if an act causing the elevator to unhook was also a cause-in-fact. Design of the elevator without such a safety device obviously constitutes negligence. Defendant building owner, who designed and manufactured the elevator, was responsible for this design defect. Defendant is therefore legally liable for plaintiff’s damages.
The tough problem in the case is the affirmative defense of contributory negligence, which the defendant bore the burden of proving.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973). In considering negligence and contributory negligence, a court does not necessarily demand identical conduct of the plaintiff and the defendant. Varying factors affect what conduct the reasonable man standard requires. Hall v. Hartford Indemnity Co., 278 So.2d 795 (La.App. 4th Cir. 1973), cert. den. 281 So.2d 753 (La.).
The designer of the elevator knew or should have known that events could occur which would cause the manifestly unsafe hook to become undone. On the other hand, the 19-year-old user of the elevator, who was simply instructed to pull a control line to move the elevator and to use the elevator only for freight, could not reasonably be expected to exercise knowledgeable control over the risks which might (unfore-seeably in his mind) cause unhooking.
Even if it were proved by inference that plaintiff’s placing the thin slat of orange crate in the gap and tying the control line caused the elevator to become unhooked, his conduct in performing these acts under the circumstances did not fall below the objec *892 tive standard to which a reasonable 19-year-old warehouseman with limited instruction and experience should be required to conform for his own protection.
The record supports the judgment as to Calongne’s liability.