PER CURIAM.
Plaintiff has appealed from the dismissal of her tort suit on behalf of her minor daughter against her landlord’s insurer. The child was injured when she lost her balance and fell as she leaned through the railing of the outside stairs to their upper apartment in responding to a call from some children on the ground below. The issue is whether the landlord is liable because the allegedly faulty design of the stairway created an unreasonable risk of injury to tenants, including children, in using the stairway.
The stairway had a wall on one side and a balustrade on the other. The balustrade consisted of vertical steel balusters or supports topped by a handrail which was 30 inches high. There was a lOVb-inch space between the balusters.
Plaintiff presented expert evidence by an architect who is a member of the National Safety Council. The architect opined (1) that the stairway violated both the New *1112 Orleans Building Code and the state construction code, [R.S. 40:1585A(9)], and (2) that if the stairway had complied with these codes, the child would not have fallen through.
Section 3305 of the New Orleans Building Code requires that “(a)ll stairways shall have walls, well-secured balustrades, or guards on each side”.[1] A handrail is also required on one side, 30 inches above the nosing of treads.
The expert admitted the existence of a well-secured balustrade and of a handrail at the proper height, but stated his belief that the code was violated because the balusters were too far apart.
In addition to noting that the stairway complied with the specific requirements of the code, we emphasize that a violation of a penal statute or ordinance is not in and of itself determinative of civil liability, although such statutes may be applied by analogy in fixing civil liability. Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972); Smolinski v. Taulli, 276 So.2d 286 (La.1973).
Tort liability depends upon the existence of a duty and the breach of that duty that results in damages. A landlord has a duty to his tenants on an upper floor to furnish a stairway which is reasonably safe for its intended use. Thus, the determinative question in this case is whether the landlord by providing this stairway discharged this duty.[2]
In the' Smolinski case, relied on by plaintiff, the stairway had only a 36-inch high handrail with no balusters whatsoever (and thus had no “well-secured balustrade”). The court found that stairway was not reasonably safe for normal use by a 30-inch tall child.
By contrast, the stairway in the present case had a handrail of proper height and balusters with reasonably spaced openings, and was safe for normal use by small children. This accident occurred because of abnormal use, when plaintiff’s child stuck her head between the balusters and leaned through.
We conclude that the design of this stairway did not create an unreasonable risk of harm to children in its intended use.
The judgment is affirmed.

AFFIRMED.

STOULIG, J., dissents and assigns reasons.

. Balustrade is defined as “a row of balusters topped by a rail . . .. Webster’s Third New International Dictionary (1971).

. Since the arguments as to codal violations are similar, we discuss in detail only the New Orleans Building Code. R.S. 40:1585A(9), the other cited building code, requires:
“Unprotected sides of balconies or landings and stairs shall be enclosed by handrails located vertically thirty inches above the tread nose or balconies, with an intermediate rail located halfway between the handrail and the tread nose or balcony.”
We view the handrail and intermediate rail as an acceptable substitute under the state code for a balustrade (handrail and vertical balusters). Such a device actually offers less protection than a balustrade. It would not be a reasonable conclusion, however, to interpret the state code as requiring that a stairway have both closely spaced balusters and an intermediate rail in order to be safe for normal use. Furthermore, an intermediate rail alone would not have prevented this accident.