MARVIN, Judge.
Plaintiffs appeal from a judgment rejecting their demands for damages that were sustained when Mrs. Cobbs drove the family *2 automobile over a wood and metal barricade which had been placed on a street undergoing repairs by the City. We affirm.
Appellants set forth three specifications of error, contending the trial court erred.
—in finding Mrs. Cobbs was negligent;
—in refusing to apply CC Art. 2323, com-
parative negligence, and;
—in failing to impose strict liability under CC Art. 2317 because the City barricade was a “defective” thing when its blinking warning light had failed to operate to the knowledge of the City.
The lower court found that Mrs. Cobbs was a frequent traveler of the street (Hollywood Avenue); that the street was sufficiently well lighted and the barricade well painted with reflectorized paint so that it could be seen from at least 200 feet away; that Mrs. Cobbs was traveling 20-30 MPH and had seen a 12 foot high flag stand warning traffic of a “single lane ahead”; and that there was no traffic or other things diverting Mrs. Cobbs’ attention on the night of the accident. The record supports these findings and the conclusion that Mrs. Cobbs was negligent in failing to observe the barricade. We also note Mrs. Cobbs’ admission that she saw, after the accident, the blinker lights in approximately 10 additional barricades facing her which were flashing at the time of the accident.
By a 1971 ordinance, the City adopted standards and specific methods for the barricading of construction on city streets in a “Traffic Barricade Manual”. The barricades and the warning sign used by the City in this instance were of the specified type but were not positioned exactly as specified by the manual. The lower court found the City negligent because of this and because the blinking light on the first barricade was not functioning.
The manual uses diagrams to depict the required placement of signs and barricades in given situations. These diagrams from the manual show the suggested type of sign, barricade and placement for the situation we are considering, as follows:

*3 Voriobfe 45 21 45° ■ 3' to 3Vi‘ - $ s $ & 11 «5Í l=.< >S| £?l'
The City employee who was foreman of the repair job in question testified about the placement of the flag stand and sign, “Single Lane Left”, and the barricades on Hollywood. The barricades were placed on Hollywood about 30 feet apart east of Ferris Street until they reached a point about a half block from Prentiss Street, where the repair was. From a half block away from the repair site, the barricades were placed about 15 feet apart. The barricades had blinking lights, most of which were operating on the night in question. The foreman testified that he placed the flag stand and sign, “Single Lane Left”, with a barricade on Hollywood, east of Ferris Street with three other barricades channeling traffic to the left and followed this with other barricades for 300 feet west on Hollywood to its intersection with Prentiss, where the repair work was being done. Thus for more than 300 feet the street was barricaded.
Under the circumstances we can agree that the City did not exactly follow its traffic barricade manual but we cannot agree with the conclusion that the City’s failure to do so constitutes negligence. The violation of an ordinance does not always give rise to actionable negligence, Smolinski v. Taulli, 276 So.2d 286 (La.1973), and in any event we find the City to have substantially complied with the manual.
We do not find that the failure of. one blinker even on the first of ten or more barricades which were interspersed over a distance of more than 300 feet constitutes a defective thing within the meaning of CC Art. 2317, Loescher v. Parr, 324 So.2d 441 (La.1975) and its progeny.
Finding then no negligence on the part of the City, we need not make the comparison so astutely suggested by counsel for plaintiffs.
At appellants’ cost, judgment is Affirmed.