REDMANN, Judge.
When plaintiff’s three-year-old child drowned in the swimming pool at his separated wife’s residence, he sued her insurer for damages, alleging both her personal fault and her vicarious liability for the fault of a servant. Plaintiff now appeals from judgment on jury verdict dismissing his suit. We affirm.
Pretermitting other discussion of the pertinent duties and risks and the persons to whom the duties are owed (including the extent to which one may be liable to one’s spouse or ex-spouse for one’s own or one’s domestic servant’s fault in the death of one’s child), we conclude that the judgment is justified by the absence of any evidence as to what the child’s location and movements were in the several minutes before she got into the pool. We reach this conclusion in the light of the clear, common-sense rule of Smolinski v. Taulli, La.1973, 276 So.2d 286, 290:
Failure to take every precaution against every foreseeable risk or to use extra ordinary skill, caution, and foresight does not constitute negligence or contributory negligence. ... A mother of small children is not required to chain them up or to act as their constant jailer in order to absolutely secure them from exposure to hazards negligently created or maintained by a tortfeasor. She is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a commonsense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances. . . .
Plaintiff agrees that he did not show any personal fault on the part of his wife and we conclude that he did not show any fault on the part of the servant (who did not testify). Plaintiff’s theory of liability necessarily rests upon the assumption that either the mother’s own negligence caused the death or the domestic servant’s negligence caused the death and for that negligence the mother is vicariously liable. Smolinski shows that those are not the only alternatives: the cause of the death need not inescapably have been negligence. In the absence of a showing of what the servant did or omitted that caused the drowning, we cannot presume that death was caused by the servant’s fault.
Plaintiff complains of the trial judge’s refusal to allow him to refer to defendant’s pre-trial admission of the genuineness of the judgment of separation, but does not explain how this refusal if erroneous requires reversal.
Plaintiff also complains of the jury instructions, which appear to have been constructed by adding some references to vicarious liability to standard prepared charges for a case of an insurer sued for the insured’s personal liability alone. There are some misleading assertions of the necessity for “negligence” on the part of “the insured.” We nevertheless conclude that, taken as a whole, the charges would not be understood by reasonable jurors to require rejection of plaintiff’s demand if death was due only to the servant’s negligence and not the wife’s personal negligence: otherwise the instructions on employers’ vicarious lia *172 bility for their employees’ torts would have been meaningless. It would probably have been preferable to re-word the charge in two places, but we do not believe those two wordings (though misleading out of context) require reversal in this case when there is, to repeat, no evidence of what went on in the several minutes before the child drowned.
Affirmed.