378 So.2d 551 (1979)
Carl J. PERILLOUX and Ronald Conlin
v.
Richard G. NELSON, II, and Sentry Insurance Company.
No. 10551.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
*552 Singerman, Cosentino, Broussard, Toups & Troyer, John P. Cosentino, New Orleans, for plaintiffs-appellees.
George P. Vedros, Gretna, for defendant-appellant.
Hammett, Leake, Hammett, Hulse & Nelson, W. Paul Andersson, New Orleans, for defendants-appellants.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
This is an appeal by a motorist's automobile liability insurer from a judgment awarding plaintiffs damages for injuries sustained in an accident caused by the insured. The issue on appeal is the applicability of a provision in the insurance policy excluding coverage for the insured's intentional acts.
Prior to the accident the insured had been to a party where he consumed a considerable amount of alcoholic beverages. Plaintiffs, two police officers on duty in an unmarked patrol car, noticed the insured's peculiar driving and followed him. When plaintiffs determined that the insured should be stopped and questioned, they began sounding their siren and flashing their lights, and the insured began speeding down a six-lane urban thoroughfare, through one flashing amber light and two red traffic signals. After a chase of about two miles in which the insured did not stay in any definite lane, he appeared to be headed onto an expressway entrance ramp, but suddenly moved left and, faced with a red light at the intersection, suddenly applied his brakes. The policemen, who had been following the insured to his left, were unable to avoid a collision on the rain-soaked roadway and struck the insured in the rear at an angle. The insured got out of his car and, upon observing that the police vehicle was disabled, drove away. He was later arrested by other officers.
The insurer's contention is that its insured engaged in a deliberate evasive action and that ultimately he intentionally precipitated a rearend collision for the purpose of incapacitating the police vehicle in order to escape their pursuit.
The pertinent policy provision is:
"Exclusions. This policy does not apply under Part I:

* * * * * *
"(b) to bodily injury or property damage caused intentionally by or at the direction of the insured;"
The insured testified that his erratic behavior resulted from his being impaired by the alcohol, and he denied that he had intentionally pulled in front of the police car or stopped suddenly for the purpose of causing an accident. Both plaintiffs stated that the insured had never looked back during the chase or given any other indication that the accident was intentionally caused. Moreover, they did not charge the insured with any criminal offenses relating to intentional injury.
In ruling the policy exclusion inapplicable to the facts of this case, the trial court *553 necessarily found as a fact that the insured did not intentionally cause the accident. Not only does the testimony (which was apparently accepted by the trial court) support the judgment, but also the circumstances support the at least equally plausible explanation that the irrational conduct by which the insured seriously risked his own life and limb was merely the action of an intoxicated person. Moreover, the insured's action in remaining at the scene and getting out of his car to observe the damage is inconsistent with a conclusion that he caused a collision in order to allow him to escape.
The insurer also argues that plaintiffs were contributorily negligent.
Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973). The burden of proving contributory negligence is on the defendant. Here, the cause of public safety required plaintiffs to apprehend and arrest the intoxicated motorist, and the record showed no substandard conduct under the circumstances of the occurrence. Moreover, plaintiffs maintained a path to defendant's left, rather than directly behind him, and they cannot reasonably be required to have anticipated the irrational act which caused this collision.
The amounts of the awards for general damages are questioned by both sides. Plaintiff Perilloux sustained muscle and ligament sprains of the neck and back, contusions of the knee and sacral area, and aggravation of a congenital polynidal cyst. He was treated with physiotherapy, diathermy, medication and heat applications, and he returned to limited duty in four months and to full duty in 14 months. His medical expenses were $1,380.00.
Plaintiff Conlin sustained muscle and ligament sprains of the neck and low back and a contusion of the wrist. He was treated with diathermy, traction and medication, and he was released to limited duty in two months and discharged shortly thereafter. His medical expenses were $950.00.
The awards for general damages of $5,000.00 to Perilloux and $4,500.00 to Conlin were neither so excessive nor so inadequate as to constitute an abuse of discretion.
AFFIRMED.