LOTTINGER, Judge.
This is an action ex delicto brought by plaintiff, Mrs. Marie B. Kearns, against her son’s insurer for injuries sustained by Mrs. Kearns when she fell from the steps leading up to the son’s house. From a judgment awarding the plaintiff damages equalling the policy limits because the premises were found to be defective, defendant appeals.
FACTS
Plaintiff’s son, Jackson Kearns, has lived in the same house since 1942. In 1954 he added another room adjacent to the carport. Since that time to the present the door has opened outward onto the steps (which are made of four cement risers), there has been no landing (a platform on the top of the steps), nor any handrail. A pneumatic door closing device had been installed on the door shortly after it was erected, and had been removed by Jackson Kearns because it was not functioning well shortly before Mrs. Kearns sustained her injuries.
On April 26,1976, plaintiff arrived at her son’s house with another elderly woman. Her son stated that the other woman walked up the steps and entered the house. His mother then walked and stopped on the second or third step, reached for the door (which opened “rather suddenly”), lost her balance, fell backwards down the steps, and struck her head on the fender of the car, finally coming to rest on the cement driveway. Mrs. Kearns sustained severe injuries from the fall with medical expenses easily surpassing the policy limit of $50,000.
Mrs. Kearns had visited her son’s house many times in the past. The door closer had been in place for many years; this was Mrs. Kearns’ first visit after its removal. There was an identical door with the same make of door closer still in place in the back of the house. A test was conducted by the defendant’s expert in architectural designs in which the amounts of pull required to open both doors were compared. He found that the door in back with the closer required four pounds of pressure to open, while the door without the closer required two and a half pounds of pressure. It was stated, however, that such door closers are adjustable as to these amounts of pull, and the removed closer was unavailable for testing.
TRIAL COURT
The trial court found that the premises were defective. More specifically, it held that the lack of a door closer, the absence of a landing, the lack of handrails, and the outward opening motion of the door combined together to render the premises unreasonably dangerous for normal use; none of these conditions alone were said to be defective, however.
The plaintiff’s theory as to how the acci-dént happened, found to be fact by the trial court, is as follows: The absence of the door closer created an unfamiliarly free-swinging motion when the plaintiff attempted to open the door. This caused her to lose her balance. The lack of a landing did not allow plaintiff to step back from the door to avoid stumbling down the steps. If handrails had been present, plaintiff might have used them going up the steps, or grabbed them as she fell. Lastly, the fact that the door opened outward over the steps forced the plaintiff to stand midway up the steps while opening it.
SPECIFICATIONS OF ERROR
The defendant-appellants argue the trial court erred:
*1151 1) in holding that a defect existed in the premises;
2) in failing to hold that the accident was caused solely by the fault of plaintiff;
3) alternatively, in failing to hold that plaintiff was contributorily negligent; and
4) alternatively, in failing to hold that plaintiff had assumed the risk.
I
The plaintiff alleged that her injuries were caused by her son’s negligence, or alternatively from a defect in the premises. The trial court found that a combination of conditions rendered the doorway area defective, presumably under La.C.C. art. 2317.
Under Article 2317, a plaintiff must prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect which created an unreasonable risk of harm to another, and that his injury was caused by the defect.
As stated above, the only condition not familiar to plaintiff was the recent removal of the pneumatic door closer. It is defendant’s contention that plaintiff failed to prove that this alleged defect (or mere component of the allegedly defective premises) was a cause-in-fact of her injuries. In order to show causation, plaintiff needed to present evidence that the door without the closer was easier to open than was the door with the closer, thereby demonstrating the unfamiliar situation which initiated plaintiff’s fall. We agree with the defendant that plaintiff failed in this regard.
Plaintiff’s expert stated in his deposition that door closers are also used as safety devices, besides their obvious function of closing doors. A door closer would offer resistance to a person opening the door, whereas a door without a closer would eventually exert its own force against the person opening the door once the motion has begun. The trial court, however, did not base its determination solely on the absence of any door closer, but rather decided that the plaintiff was thrown off balance because she expected some resistance when she opened the door and found none due to the removal of the closer.
There is no evidence in the record that the door in question was any easier to open after the closer’s removal than it was before. Indeed, the plaintiff’s son stated that he removed it because it was “... dragging and ... didn’t function well.” He did not say that it was offering resistance while still in place.
The defendant’s expert’s test, comparing the amount of pull of the door in question (two and a half pounds) with the amount of the back door with the closer (four pounds) was discredited by the plaintiff herself. It was pointed out that these types of closers are adjustable as to the amount of pressure they exert, and that the expert did not examine the discarded closer which had been on the subject door. If the expert had found that the difference in the amount of pull of the door before and after the removal of the closer was one and a half pounds, then there would have been at least some changed circumstance to bolster plaintiff’s claim.
The son stated that the door opened “rather suddenly” when his mother opened it. He did not say that the door did not open “rather suddenly” before the closer was removed. Nor did he say that this was his mother’s first visit since the closer became defective; he said, rather, that this was the first time she had opened the door since he removed the closer. In short, while it was opined that functioning door closers work to make it harder to open a door, the plaintiff did not prove that this door was easier to open after the closer’s removal thari it was before the removal.
Since this latter finding of fact was essential to the trial court’s determination that the door presented an unfamiliar situation to plaintiff which precipitated her fall, and we find otherwise, we must hold that the trial court was clearly wrong in naming the removed door closer a contributing factor in making the premises defective. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*1152 As we have decided that the removal of the closing device was not proved by plaintiff to be a causative factor in her sustaining injury, we must now examine whether the conditions of the outward-opening door, the lack of landing, and the absence of handrails combined to create a defect which caused her injuries.
II
The plaintiff did prove that once she began falling, these conditions combined to cause her to continue her backwards descent. The door opening outward necessitated her stepping back to avoid the arc of the door’s swing; once she lost her balance, she could do little other than fall backwards. The lack of a landing near the door at the top of the stairs forced her to step backwards on the lower steps; a flat surface may have allowed her to regain her balance. Had there been handrails, plaintiff may have used them in climbing the steps, or once falling, may have grabbed them to stabilize herself. All of the above conclusions were agreed to by the defendant's expert.
Having found these conditions to be the cause of plaintiff’s continuing her backwards fall, we must now determine whether these conditions combined to make the premises defective, i.e. that they posed an unreasonable risk of harm. Accordingly,
“... the standard for determining liability is to presume the owner’s knowledge of the risk presented by the thing under his control and then to determine the reasonableness (according to traditional notions of blameworthiness) of the owner’s conduct, in the light of that presumed knowledge.” (emphasis added by the Supreme Court) Kent v. Gulf States Utilities Company, 418 So.2d 493, 497 (La.1982).
Examining the reasonableness of the conduct of the owner, Jackson Kearns, according to traditional notions of blameworthiness, we find that no liability should attach to his insurer.
Plaintiff’s expert testified that these conditions represented bad building practices. Defendant’s expert testified that though he found no violations of any building codes, he would have designed the premises to have a landing, handrails, and an inward-opening door.
These attestations do not convince us that the steps and door constituted an unreasonable risk of harm to this plaintiff. We are mindful of the Supreme Court’s pronouncement in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976), that:
“. .. the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner.” 334 So.2d 406 at 410.
We place much emphasis on plaintiff’s familiarity with the steps and doorway. The door has opened outward, and there have been no handrails nor has there been a landing on the steps since that room was built in 1954. Plaintiff was said to have visited the house since 1954 an average of once a month. Since plaintiff failed to prove there was anything unfamiliar presented to her as she tried to enter, we can only conclude that she simply lost her balance on the steps and fell. The steps and doorway here were shown to be not as safe as they could be; however they are not unreasonably dangerous so as to visit liability upon the landowner and thereby his insurer.
Nor does the mere absence of a door closer taken into consideration with the other conditions constitute a defect. Since plaintiff did not prove that the free-swinging door was any different than it was before the closer was removed, the closer-less door also presented no surprise to her. Though there was testimony to the effect that a door with no closer would gradually exert a force against a person opening it, this condition, like the lack of handrails, landing and the outward-opening motion does not present an unreasonably dangerous situation to one who is familiar with it. Defendant’s insured did not act unreasonably therefore, in failing to warn plaintiff of these conditions or in failing to replace *1153 the closer, erect a landing, place handrails on the steps, or change the direction of the door’s swing.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and there is now judgment in favor of the defendants-appellants, Republic Insurance Company and Vanguard Underwriters Insurance Company, and against plaintiff, Mrs. Marie Bokenfohr. Kearns, dismissing the plaintiff’s petition with prejudice. All costs, in both this court and the trial court are assessed against plaintiff.
REVERSED AND RENDERED.