KNOLL, Judge.
Marilyn J. LeBlanc sued her uninsured/underinsured motorist carrier, Allstate Insurance Company (Allstate), Roxanne Barras, and Republic Vanguard Insurance Company, defendant’s liability carrier, for personal injuries she and her minor daughter, Tiffany, sustained as a result of an automobile accident. Allstate intervened to recover medical payments it made on behalf of plaintiffs. The trial court awarded Tiffany $500 plus medical expenses, and awarded Mrs. LeBlanc $2500 plus specials for a total of $5,488.72. Judgment was further rendered in favor of Allstate ordering Mrs. LeBlanc to reimburse it for medical payments paid pursuant to its policy of insurance. The trial court also found Mrs. LeBlanc 20% at fault in causing the accident.
On appeal Mrs. LeBlanc contends that the trial court erred: (1) in failing to award her damages for future pain and suffering; and (2) in finding her 20% at fault. Defendant, Roxanne Barras, and her insurer answered the appeal contending that Mrs. LeBlanc failed to prove her injury was permanent and further that Mrs. LeBlanc’s fault should be increased to 40% because she had the last clear chance to avoid the accident. We affirm the trial court’s damage award but amend the judgment, finding Mrs. LeBlanc free from fault.
FACTS
On June 27, 1984, as Mrs. LeBlanc was driving her Honda automobile west on McNeese Street, defendant traveled into plaintiff’s lane from the parking lot of a convenience store causing plaintiff's vehicle to strike defendant. Immediately after the accident Mrs. LeBlanc felt pain in her left arm and elbow. Since the pain continued and increased, she consulted her family physician, Dr. Comeaux, approximately one week after the accident. Thereafter she saw Dr. Snatic, who treated her arm with heat massage for two and one-half months. She also took prescriptive drugs. Five months post-accident Mrs. Le-Blanc saw Dr. Norman Morin, an orthopedic surgeon, because she continued to suffer from an intermittent pressure pain over the back of her left elbow. Dr. Morin concluded that Mrs. LeBlanc suffered a contusion to the left elbow and arm which produced a permanent thickening around the ulna groove.
FUTURE PAIN & SUFFERING
Mrs. LeBlanc contends that the trial court erred in not awarding damages for future’ pain and suffering.
A reviewing court should not disturb the trier of fact’s damage award absent a determination that the fact-finder abused its much discretion under the facts of the particular case. LeLeux v. Home Indem. Co., 457 So.2d 300 (La.App. 3rd Cir.1984). Although the reviewing court may disagree with the amount of the damage award fixed by the trial court, it is not entitled to substitute its opinion for that of the trier of fact. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Factors to be considered in assessing quantum for pain and suffering are the severity and duration thereof. Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 *182 (La.App. 3rd Cir.1982), writ denied, 412 So.2d 99 (La.1982).
Dr. Morin testified that Mrs. LeBlanc’s injury was a permanent functional disability that would present problems from time to time with thickening around the ulna groove in the left arm. He opined that although Mrs. LeBlanc’s injury was permanent, it would not prevent her from performing normal household duties nor would it hinder her ability in the field of mass communications, the field she was presently seeking employment and for which she held a college degree.
Defendants contend that Mrs. LeBlanc did not prove by a preponderance of the evidence that the accident caused a permanent disability to her elbow. Mrs. Le-Blanc’s partial permanent disability to the elbow was based on the findings by Dr. Morin that there was permanent thickening around the ulna groove. This medical testimony was not rebutted.
After carefully reviewing the record we can not say that the trial court erred in its assessment of damages. Mrs. LeBlanc has shown that the pain in her arm, though permanent, is intermittent and not debilitating. Furthermore she is not under the continuing care of a physician and is not required to use pain medication. The record fails to show that the trial court was clearly wrong in its assessment of damages.
APPORTIONMENT OF FAULT
Mrs. LeBlanc further contends that the trial court erred in finding her 20% at fault in causing the accident. Defendants answered the appeal contending that Mrs. LeBlanc’s negligence should be increased to 40%.
Before we can find the trial court’s assessment of fault erroneous, we must determine that the trial court’s allocation of fault is clearly wrong. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Moreover, as evidenced by the concept of last clear chance, the relationship between the fault/negligence conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985).
We conclude that the record does not support a finding that Mrs. LeBlanc’s conduct under the circumstances falls below the standard to which she should conform for her own protection. There is no evidence that Mrs. LeBlanc had sufficient reaction time to avoid the accident. The record clearly shows that Mrs. LeBlanc’s Datsun sustained damage to the left front fender and headlight while defendant’s Honda Civic sustained very light damage to the door on the driver’s side. The absence of skid marks at the scene of the accident further indicates that she did not have time to apply her brakes. Defendant did not testify at trial nor was her deposition offered in lieu of her live testimony. Defendant’s unavailability to testify was not explained, therefore, it must be concluded that her testimony is adverse to her position. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968). The defense put on no evidence and the only testimony regarding the accident was that of Mrs. LeBlanc and the investigating officer; Mrs. LeBlanc testified that defendant pulled out in front of her without warning, and both she and the investigating officer testified that after the accident, defendant admitted that she (Roxanne Barras) caused the accident.
Failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute negligence. Smolinski v. Taulli, 276 So.2d 286 (La.1973). Although Mrs. LeBlanc could presume that defendant would not exit from a private *183 parking lot into oncoming traffic, she was not required to approach each private drive along McNeese Street under the presumption that someone may be exiting. See Smolinski, supra. The record is void of any evidence that supports the trial court’s conclusion that Mrs. LeBlanc was at fault in causing the accident; therefore, the trial court’s determination that plaintiff was 20% at fault is clearly erroneous.
For the foregoing reasons we amend the trial court’s judgment to reflect that plaintiff was free from fault in causing the accident, and recast the judgment as follows: IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein against Roxanne Barras and Republic Vanguard Insurance Company, and in favor of Marilyn LeBlanc, individually, in the amount of $5,488.72. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein on Allstate Insurance Company’s intervention ordering Marilyn LeBlanc to pay out of her recovery $2,087.84 to Allstate Insurance Company. Costs of this appeal and the trial court are assessed to defendants, Roxanne Barras and Republic Vanguard Insurance Company. In all other respects the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED AND RENDERED.