| iCANNELLA, Judge,
dissenting.
I would reverse the judgment on liability, apportion fault between the parties and award damages to plaintiff.
La. C.C. art. 2315 provides that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2316 states that every person is responsible for the damage he occasions, not merely by his act, but by his negligence, his imprudence or his want of skill. Plaintiff bears the burden of proving every element of her case by a preponderance of the evidence, that is, whether it is more likely than not, that the harm was caused by the tortious conduct of the defendant. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993). In determining whether the conduct of defendant is negligent, the courts apply the duty/risk analysis. Todd v. State Through Dept. of Social Services, Office of Community Services, 96-535 (La.App. 5 Cir. 11/26/96); 685 So.2d 313, 317; Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). This requires the following findings:
1. That the conduct was a cause in fact of the resultant harm;
2. That a defendant owed plaintiff a duty;
3. That the duty owed was breached by a defendant; -
4. That the risk of harm was within the scope of the breached duty.
Whether a defendant owes a plaintiff a legal duty is a question of law. Todd v. State Through Dept. of Social Services, Office of Community Services, 685 So.2d at 317. Whether a defendant has breached a duty owed is a question of fact. Id. at 317.
Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Socorro v. City of New Orleans, 579 So.2d 931, 939 (La.1991).
Generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. St. Hill v. Tabor, 542 So.2d 499, 502 (La.1989); Harris v. Pizza Hut of La., Inc., 455 So.2d 1364, 1369 (La.1984); Walker v. Union Oil Mill, Inc., 369 So.2d 1043, 1047 (La.1979); Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La.1993). However, the failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution and foresight does not constitute negligence or contributory negligence. Black v. State Through Dept. of Public Safety and Corrections, 94-1305 (La.App. 3 Cir. 5/17/95), 657 So.2d 270, 275. A person, whether plaintiff or defendant, is required only to use reasonable precautions. Id. at 275. Furthermore, conduct is not negligent if it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances. Id. at 275; Smolinski v. Taulli, 276 So.2d 286, 290 (La.1973).
To determine whether a particular risk is unreasonable, the benefit of the thing must be balanced with its potential for harm and the cost of prevention. Socorro v. City of New Orleans, 579 So.2d at 939. The burden is on the plaintiff to prove that the thing poses an unreasonable risk of harm. Killough v. Bituminous Cas. Corp., 28329 (La.App. 2nd Cir. 5/8/96), 674 So.2d 1091, 1097. Evidence of the absence of other accidents at the same place is relevant and admissible as tending to show that the place was not dan *1271 gerous and that the defendant did not have actual or constructive knowledge of a dangerous condition. Id. at 1097.
In this case, on the day of the accident, plaintiff was acting as a chaperone for her child’s school at a performance of Peter Pan produced by defendant and held at East Jefferson High School Auditorium. The auditorium is regularly used by defendant for its various theatrical and musical productions. Plaintiff guided the children to their seats when they arrived by way of the left center aisle. At intermission, she helped the children to leave and return by the same doors. The auditorium was well lit during these entrances and exits.
During the second act, while it was dark, plaintiff left her seat to exit the auditorium in order to use the restroom. She exited her seat along the farthest aisle between the seats and the left wall, trying not to disrupt the play. She proceeded to the back of the auditorium, turned to her left, where she proceeded along the back aisle of the auditorium, between the last row of seats and the wall giving access to the lobby. Along the way, she passed a group of acoustical shells which were folded into each other and stored against the back wall. The shells were located between two of the three sets of exit doors. Plaintiff did not see them. She then went out through the nearest set of doors. On her return, plaintiff attempted to proceed the same way, but as she proceeded along the back aisle, she struck her left shinbone on a protruding section of the acoustical shells, causing immediate pain.
The group of folded shells were approximately six feet high and six feet wide. However, a shelf-like protrusion extended approximately two feet from the Uground and one foot into the aisle, giving the group of shells the approximate shape of an “L”. Thus, it was visible only when the observer looked down. Plaintiff struck her leg on the protrusion. As a result of the injury, plaintiff developed a severe hematoma and abscess at the injury site. She was treated for the injury from November 1994 to July 1996. Plaintiff has permanent scarring and residual chronic occasional .pain from the injury.
Under these facts, I would find that defendant is partially at fault in the accident. The protruding “shelf’ was located low to the floor and extended into the aisle. Patrons in dark theaters do not expect to encounter obstructions, especially when the object cannot be clearly seen in the dark. Furthermore, there were a number of children in the auditorium that day milling about and trying to either enter or exit the auditorium at the times that the lights were on. Plaintiff was distracted by her duty to the children during those times. In addition, she did not pass the acoustical shells at any time when the auditorium was lighted. The only time plaintiff walked along the back wall was during the production when all, but a few, of the auditorium lights were off and the place was dark. While plaintiff may have had some duty to ensure that she could see when she returned to the auditorium, defendant also had a duty to provide a safe walking aisle for defendant. Patrons of darkened theaters commonly leave their seats during productions for any number of reasons. Thus, I would find both parties equally at fault in this accident and award damages to plaintiff.