**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

Lyle W. Cayce
Clerk

No. 12-30069

ELIZABETH JEAN DIXON,

Plaintiff-Appellant

v.

EDWARD IANNUZZI, doing business as Iannuzzi LA, L.L.C., Individually;
IANNUZZI LA, L.L.C.,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-269

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elizabeth Jean Dixon appeals the district court's grant of summary judgment in favor of the defendants in this slip and fall case. Reviewing the record *de novo*, *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011), we AFFIRM.

In 2010, Dixon fell down the stairs in a town home that she had been leasing since 2003. She sued the owner, alleging that her injuries were caused

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30069

by several defects in the stairs. The district court held that Dixon failed to show that the alleged defects presented an unreasonable risk of harm to Dixon.

In a premises liability case governed by Louisiana law, a plaintiff must show that her injuries were caused by a defect in the defendant's premises that created an unreasonable risk of harm to the plaintiff; that the defendant knew or should have known of the defect; that the damage could have been prevented by the use of reasonable care; and that the defendant failed to exercise such reasonable care. *See Leonard v. Ryan's Family Steak Houses, Inc.*, 939 So. 2d 401, 404–05 (La. Ct. App. 2006); *see also* LA. CIV. CODE ANN. arts. 2317.1, 2322. An unreasonable risk of harm will be found in a defect that "is a dangerous condition reasonably expected to cause injury to a prudent person using ordinary care under the circumstances . . . , a condition which presents an unreasonable risk of harm and renders the premises unreasonably dangerous in normal use." *Burns v. CLK Invs. V, L.L.C.*, 45 So. 3d 1152, 1162 (La. Ct. App. 2010) (internal quotation marks and citation omitted). Because not every premises defect will be considered to be unreasonably dangerous, the inquiry is dependent upon the circumstances of each case. *See Eisenhardt v. Snook*, 8 So. 3d 541, 545 (La. 2009).

Dixon argues that the stairs were unreasonably dangerous because the alleged defects violated several building codes. Although violations of the building code may serve as guidelines for establishing standards of liability, they are not alone dispositive and do not relieve the plaintiff of the need to prove that the condition was unreasonably dangerous to her. *See Burns*, 45 So. 3d at 1158 ("[I]t is clear that even when the violation of a statute is proved, such is not a substitute for proving the existence of 'an unreasonable risk of harm.'"); *see also Smolinski v. Taulli*, 276 So. 2d 286, 289 (La. 1973). If the undisputed facts show no genuine issue as to the risk of harm to the plaintiff, summary judgment

2

No. 12-30069

is appropriate. *See Dowdy v. City of Monroe*, 78 So. 3d 791, 795–97 (La. Ct. App. 2011).

In this case, Dixon's testimony showed that she was very familiar with the premises and had safely used the stairs probably thousands of times. She testified that she never noticed any of the alleged defects and never considered the stairs to be unsafe prior to her fall. Similarly, Dixon's roommate testified that she did not consider anything in the home to be dangerous when she moved in and that the stairs were no more dangerous than any other stairs. Based on the undisputed facts, Dixon has failed to show a genuine issue as to whether the stairs presented an unreasonable risk of harm to her. *See Kearns v. Republic Ins. Co.*, 428 So. 2d 1149, 1152 (La. Ct. App. 1983).

AFFIRMED.