McBRIDE, Judge.
This is a suit brought by Jesse M. Sixkiller, Sr. (sometimes hereinafter called *699 the plaintiff), for a large amount of damages against defendants, in solido, for personal injuries, etc., which he alleges accrued as a result of an accident on January 8, 1951, at about 1:30 o’clock a. m., at the intersection of South Carrollton and South Claiborne Avenues, when he, a pedestrian, was struck by an automobile driven by defendant Prechter and of which the other defendant is the liability insurer. He set up in his petition that Prechter failed to observe due and ordinary care; failed to maintain an adequate lookout; failed to slow up or to stop in sufficient time to avoid striking him; failed to have his vehicle under proper control; and failed to observe traffic rules; in the alternative, plaintiff alleges that Prechter had the last clear chance of avoiding the accident but failed to exercise it.
The defendants deny the charges of negligence.
After a trial of the case on the merits thereof, there was judgment in favor of defendants dismissing the suit and plaintiff took this appeal. However, pending hearing in this court Sixkiller died, and within a year his widow and minor children caused themselves to be substituted parties plaintiff in his place and stead.
At the outset it might do well to state that the substituted plaintiffs acknowledge their case is predicated solely on the doctrine of the last clear chance.
The accident happened in a heavy downpour of rain. Plaintiff who had been located on the uptown river corner of the intersection, intended to get out of the rain by crossing South Carrollton Avenue in the proper pedestrian lane to the downtown river corner of the intersection where a drugstore is located. To the adjuster he stated that when he reached the far side of the neutral ground nearest the drugstore, he noticed the headlights of a car approaching from his right on Carrollton Avenue and he “figured” the car to be much farther away than it actually was. He told the adjuster, “I was hurrying to get out of the rain,” and when he stepped into the roadway he was struck by the left front of the automobile and that is all he remembered. According to the statement, plaintiff noticed two headlights “right upon me” before he was hit, and that the “rain was really a blinding rain which caused me to misjudge the distance of this coming car.”
In his testimony given at the trial plaintiff stated: “I stepped into the street and the first thing I seen was the headlights and that was all.” He also mentioned that he put up his hands “to block, to protect myself.”
Prechter said he was proceeding on Car-rollton Avenue in the direction of Claiborne Avenue at about 20-25 miles per hour and the semaphore signal light at the corner was showing green, his favorable light. He states he was looking carefully for traffic and slackened the speed of his car because of the intersection, and that plaintiff suddenly stepped from the neutral ground curb when the car was only three feet from him and that he, Prechter, had no chance to stop or otherwise avoid the accident.
As to how the accident happened, there is but little variation between the contents of Sixkiller’s statement made to the adjuster and his sworn testimony, except in che former plaintiff said he was running across the neutral ground while in his testimony he asserts he walked, which latter view is accepted as a fact by counsel for the present plaintiffs. We, too, believe the sworn testimony should be prevailing. It would make no difference which version we accept for the purposes of deciding this case, as all evidence taken together makes it appear certain that this is a clear instance whe-re a pedestrian on the neutral ground stepped into the street and is hit by an automobile which was almost upon him when he made the ill-timed step. Prechter was traveling in close proximity to the neutral ground curb at the time at a moderate and lawful rate of speed and could do nothing to avoid the occurrence of the accident.
*700 On behalf of claimants it is argued strenuously that Prechter should have seen the pedestrian on the neutral ground and should also have anticipated that he might step into the roadway in the path of Prech-ter’s cai'. Prechter admits he did not see Sixldller before the latter appeared in the traffic roadway, because he was not looking for pedestrians on the neutral ground but was keeping a sharp lookout ahead for vehicular traffic, and it seems to us that this is exactly what Prechter, as a prudent motorist, should have been doing under the circumstances then and there prevailing. It is well known to all who drive automobiles that many pedestrians walk or stand on the neutral ground, and if it is to be said that under ordinary circumstances such as are found in this case, the motorist is under the duty to watch for persons on the neutral ground rather than look ahead for vehicular traffic, and that if a pedestrian is to be seen the motorist should anticipate he will leave the neutral ground and walk into the pathway of the approaching automobile, would, to say the least, impose an absurd burden on the shoulders of the motorist and impede the movement of traffic. We think that a motorist has the right to assume that a pedestrian will act as a reasonably prudent person and refrain from exposing himself to the danger of being run down by passing traffic. Considering the pertinent circumstances in this case, we go on record as saying that as to the motorist this is one of those unavoidable accidents which so often happen in this modern age of motoring.
This case is not analogous to any cited by counsel for the present plaintiffs, particularly Jackson v. Cook, 189 La. 860, 181 So. 195, wherein the facts were vastly different. To hold a defendant responsible in damages under the doctrine of the last clear chance, the facts must, with .reasonable certainty, demonstrate that he actually discovered or should have discovered the perilous position of plaintiff in time to avert the accident but failed to take advantage of the opportunity to do so. Nowhere in this case can facts be found which would permit the claimants to invoke the doctrine of the last clear chance.
In a supplemental brief filed on behalf of appellants, we are cited to Deck v. Page, 77 So.2d 209, decided by us, but there is no similarity between said case and the instant one in that in the former the plaintiff initiated her crossing on a favorable signal light and had reached the center of the street before the accident happened. We held the defendant had not maintained a diligent lookout.
Therefore, for the reasons assigned, ,the judgment appealed from is affirmed.
Affirmed.