ELLIS, Judge.
Plaintiff, Ray Ellender, has appealed from a judgment of dismissal of a suit instituted by him individually and on behalf of his minor daughter, Christine.
This case grows out of an automobile— pedestrian accident which occurred at dusk on June 4, 1962. Plaintiff, his minor daughter aged five, two other minor children aged eight and nine, and Terry Landrus aged sixteen were standing three or four feet from the west edge of Louisiana Highway #55, waiting for an oncoming vehicle to pass so that they could cross to the other side. The first vehicle, headed north, passed the waiting pedestrians without incident. The second vehicle, driven by John R. Attaway and insured by Travelers Insurance Company, both made defendants herein, was proceeding south in the proper lane at a speed ten or fifteen miles per hour below the legal limit of sixty.
According to the plaintiff’s theory of the accident, Christine was standing in the highway about eighteen inches from the west edge of the pavement and John Attaway drove right into her without any attempt to alter his course.
Defendant’s version, and the one accepted by the lower court and we believe the one clearly supported by the evidence, is that Christine darted in front of the defendant’s car from behind her father where she had not been visible and that there was created a sudden emergency and an unavoidable accident.
We cannot accept as true an allegation that Christine was waiting, in the highway for traffic to pass and that her father was standing idly by as the Attaway vehicle approached. Indeed, the testimony of plaintiff on this point is inconclusive and does not support that conclusion. Plaintiff testified that they were all waiting on the shoulder of the highway and that he was watching the Attaway car approach. Christine was on his right, that is, he was between her and the approaching car. Mr. Ellender did not see his daughter leave the shoulder and venture onto the highway and, consequently, cannot determine whether she ran out immediately in front of the car or whether she had been standing in the road for some time.
Terry Landrus testified that Christine had been holding his hand but that he didn’t pay any attention to her when she let go. He estimated that he became aware of the car when it was fifty or sixty feet away and that he briefly turned his head to see it. Upon returning his view to the front, he saw Christine standing still on the highway *173 and at about the same instant Mr. Attaway applied his brakes. There were forty-two feet of skid marks.
Thus, neither Mr. Ellender nor Terry could give any convincing estimate as to the length of time Christine had been standing in the highway.
Defendant’s testimony and that of his wife is clear on that point. Mr. Attaway testified that:
“Q What was the group of people doing at that time ?
A They were waiting for, when I first saw them they were waiting for an oncoming car to pass. The oncoming car was coming from the direction of Montegut, and after that they looked my way and they all seemed to be waiting for me to pass.
Q You could see them looking at you?
A Yes. Everyone that I saw was looking in my direction.
Q Did you see the little girl that was ultimately struck by the car?
A Not until she ran out in front of me.
Q Why not?
A Someone was standing in my line of view. I don’t remember just who it was.
Q You say she ran out in front of you?
A Yes, sir.
Q When she ran out how far away from her were you?
A It was very near. Not more than 20 feet.
Q What did you do if anything?
A I applied my brakes as soon as I possibly could with all my strength.
Q You didn’t try to go to the left or to the right?
A No, sir, I didn’t.
Q Any particular reason?
A Well, I couldn’t turn to the right for fear of hitting everyone in that group of people on the shoulder of the road, and I don’t remember why I decided not to turn to the left but I didn’t. I didn’t turn to the left.”
The law of this State is too clear to require citation of authority that a driver is not guilty of negligence when confronted with a sudden emergency not of his own making, provided he reacts as well as could reasonably be expected under the circumstances. In the instant case Christine ran out in front of the Attaway car when it was very near the point of impact. There was insufficient time to stop. Attaway could not turn right and go behind the running child because of the other people on the shoulder of the highway.. He could have turned left in front of the child, but this would have been a proper decision only if he were sure that the child would stop running. Obviously Attaway could not have known that.
As it happened, the child did stop in the highway in Attaway’s lane of travel. Certainly, however, Attaway had no time to reflect on the courses of action open to him. He did the instinctive and very reasonable thing, he applied his brakes as hard as he could.
Under these facts we can find no breach of a duty or standard of care and hold, as did the lower court, that defendant was free of negligence.
Having concluded that the defendant was free of negligence, it is unnecessary to consider the pleas of contributory negligence on the part of the father or the doctrine of last clear chance. Nor is it necessary to detail the injuries to Christine, which, fortunately, were not of a permanent nature with the exception of a forehead scar.
Affirmed.