398 So.2d 572 (1980)
Noah SMITH, Sr., Individually and as Administrator of the Estate of the Minor, Noah Smith, Jr.
v.
Leonard TRAHAN and Rosalie Stewart Trahan et al.
No. 13339.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
*573 Stephen M. LaRussa, Houma, for plaintiff and appellant.
A. D. O'Neal, Jr., Houma, for defendants and appellees Leonard Trahan & Rosalie S. Trahan.
John L. Lanier, Thibodaux, for defendant third party Liberty Mut. Ins. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
This is a suit for damages for personal injuries brought by Noah Smith, Sr., individually and on behalf of his minor son, Noah Smith, Jr. Young Noah was injured when he was struck by a pickup truck being driven by Rosalie Stewart Trahan. Defendants are Mrs. Trahan, her husband, Leonard Trahan, and Liberty Mutual Insurance Company, uninsured motorist insurer of plaintiffs. After trial on the merits, judgment was rendered dismissing plaintiff's suit, and he has appealed.
The accident happened on Naquin Street in Houma, Louisiana, a narrow paved street, with narrow sidewalks immediately adjacent to the travelled portion of the street. Mrs. Trahan testified that she was driving on Naquin Street. Since cars were parked adjacent to the curb on the right side of the street, she was compelled to drive her truck down the middle of the street. As she entered the block in which the accident happened, she was driving about 15 miles per hour. She stated that she saw young Noah riding his tricycle on the sidewalk on the left side of the street, about half a block ahead.
Mrs. Trahan testified that she continued without decreasing her speed, or paying any particular attention to young Noah. She stated that she was looking where she was going. As she approached young Noah, he pedalled his tricycle down an inclined driveway and into the street. Mrs. Trahan stated that she applied her brakes at almost the same moment that she struck the child.
The duty of a motorist in such a situation was expressed by the court in Dufrene v. Dixie Auto Ins. Co., 373 So.2d 162 (La.1979):
"The jurisprudence of this state places a high degree of care upon a motorist who sees a child on or near the road and imposes upon him a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, and might suddenly place himself in a position of peril."
We think that Mrs. Trahan did not exercise the requisite degree of care in this case. By operating her vehicle at a slow rate of speed and looking where she was going, she certainly exercised ordinary care. However, in this case, on a narrow street immediately adjacent to a narrow sidewalk, she cannot assume that a child on the sidewalk is in a place of safety and will not suddenly put himself in peril. She is required to anticipate that a child might do exactly what young Noah did in this case. We find Mrs. Trahan to have been guilty of negligence which was a proximate cause of the accident. Of course, young Noah, at age five, was too young to have been guilty of contributory negligence.
The trial judge stated in his reasons for judgment that the parents of young Noah were guilty of contributory negligence in permitting their child to play unsupervised near a heavily travelled street. Both parents were outside near young Noah when the accident happened, the father painting a ladder in a neighbor's yard, and the mother across the street in another neighbor's yard. Neither of them were immediately supervising young Noah's activities, but both knew that he was riding his tricycle on the same side of the street as his home. In Smolinski v. Taulli, 276 So.2d 286 (La.1973), the court said:

*574 "Failure to take every precaution against every foreseeable risk or to use extra ordinary skill, caution, and foresight does not constitute negligence or contributory negligence. (Citations omitted.) A mother of small children is not required to chain them up or to act as their constant jailer in order to absolutely secure them from exposure to hazards negligently created or maintained by a tortfeasor. She is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances. (Citations omitted.)"
Under the circumstances of this case, we find no contributory negligence on the part of the parents.
Fortunately, young Noah was not severely injured. Mrs. Trahan was able to stop her truck before rolling over the child. However, he did suffer a broken right upper arm, a cracked rib and a number of abrasions and contusions. One of the abrasions left a raised scar on the side of his knee. Otherwise, there was no residual effects of the accident. The accident happened on March 30, 1979, and young Noah was discharged as fully recovered on May 7, 1979. He made some visits to his doctors after that time, and will continue to need periodic checkups for about another year.
Medical expenses were stipulated to be $1,168.45, including a three-day hospitalization immediately after the accident. For general damages, we think that the sum of $5,000.00 will amply compensate young Noah for his injuries.
Mr. Smith also claimed lost wages for the time Mrs. Smith had to leave work in order to care for young Noah. At the time of the accident, she was employed at $3.00 per hour, and would have missed a little over five weeks work. We think that $660.00 will fully compensate that loss.
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein in favor of Noah Smith, Sr., individually, in the sum of $1,828.45, with legal interest from date of judicial demand until paid; and in favor of Noah Smith, Sr., on behalf of his minor son, Noah Smith, Jr., and against the said defendants, in the full sum of $5,000.00, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.