SWIFT, Judge.
Scott A. Lewis, the minor son of Bobby and Jennifer Lewis, died after he was struck by a pickup truck in a neighbor’s driveway on Madeline Street in Alexandria, Louisiana, at about 4:30 p. m. on July 7, 1979. The parents filed suit, averring negligence on the part of the minor driver of the pickup, Michael Till. Also made defendants were Till’s parents (Mr. and Mrs. Eubanks) and their alleged insurers. The various defendants answered, alleging contributory negligence on the part of the deceased child’s mother. The father, Bobby Lewis, made an alternative demand against *355 his own homeowner’s insurer, Fireman’s Fund Insurance Company, asserting that if his wife was negligent he is entitled. to recover against Fireman’s Fund. A summary judgment was rendered in favor of Fireman’s Fund as to all claims except funeral expenses. This court affirmed the summary judgment as to the denial of general damages and remanded the case for trial on the merits as to the claims for medical and funeral expenses. Lewis v. Till, 387 So.2d 706 (La.App. 3 Cir. 1980). A writ was granted to review the partial summary judgment in favor of Fireman’s Fund. 393 So.2d 740 (La.1980). The supreme court held that the father’s rights to recover in the survival action and also for the wrongful death of his son were unaffected by the mother’s negligence, thereby reversing Fireman Fund’s summary judgment and remanding the matter for a trial on the merits. Lewis v. Till, 395 So.2d 737 (La.1981).
Thereafter the plaintiff settled with all defendants except Fireman’s Fund. After trial the court concluded that Jennifer Lewis was not guilty of negligence which caused the death of her son and dismissed the suit. The father appealed.
At trial the uncontradicted testimony of Jennifer Lewis revealed that Scott Lewis was 18 months old at the time of his death. He was an active child who liked to explore. Mrs. Lewis allowed him to play outside, but always kept him in his own yard and never allowed him to play in the front yard by himself. It was not unusual for other children to play in the front yards of the neighborhood. Madeline Street, on which the Lewis’s house faced, was not a through street. It either came to a dead end or ended at a cross street approximately two blocks from the Lewis home.
On the day of the accident Scott Lewis and his mother were sitting on the front porch of their house. Mrs. Lewis saw young Till drive into the driveway of the Powers family who lived two houses down from the Lewis home on the same side of Madeline. Afterwards Scott left the porch and began wandering around the yard. On one occasion he ventured toward the street and his mother called him back into the yard. Subsequently Mrs. Lewis got down into the flower bed beside her front steps and while facing the house she began to pull some weeds. She said that in doing so she could hear Scott and she looked from time to time to see where he was. During all of this time the child had not gone out of the yard. In some five minutes after Mrs. Lewis last saw Scott he evidently wandered across the Lewis’s next door neighbor’s yard and into the Powers’ driveway where he was struck by the Till truck as it was backing towards the street. Mrs. Lewis testified she could hear Scott for part of these five minutes talking and playing with his dogs. The accident took place about 50 to 75 feet from where the mother was pulling weeds.
The sole issue presented by this appeal is whether the trial court committed manifest error in failing to find Jennifer Lewis guilty of negligence which caused the death of her son.
As our supreme court stated in Smolinski v. Taulli, 276 So.2d 286 (La.1973):
“Failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute negligence or contributory negligence.... A mother of small children is not required to chain them up or to act as their constant jailer in order to absolutely secure them from exposure to hazards negligently created or maintained by a tortfeasor. She is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances.” [Citations omitted.]
In Smith v. Trahan, 398 So.2d 572 (La. App. 1 Cir. 1980) the court was confronted with a similar factual situation as the present case. The father brought suit on behalf of his five year old son who was struck by a pickup truck driven by Mrs. Trahan. The defendants contended that recovery was barred by contributory negligence on the part of the parents. The *356 evidence revealed that both parents were outside near their son when the accident occurred. The father was painting a ladder in a neighbor’s yard and the mother was across the street. Neither of them were immediately supervising the child’s activities, but both knew that he was riding his tricycle on the same side of the street as his home. The child pedaled his tricycle into the street where he was struck by the defendant’s pickup truck. The trial court found that the parents were contributorily negligent in permitting their child to play unsupervised near a heavily traveled street. Applying the jurisprudential principles established in Smolinski, the Court of Appeal, First Circuit, reversed the finding on contributory negligence on the part of the parents and awarded judgment in favor of the plaintiff.
In the instant case Mrs. Lewis was in the yard with Scott. She kept him well within seeing or hearing range. When she was working in the flower bed she would occasionally look up to see where Scott was located.
We believe there is ample support in the record for the trier of fact to have found that Mrs. Lewis acted as a reasonably prudent person while supervising Scott in the front yard and therefore she was not negligent in failing to guard against the child being struck by the Till truck. We cannot say that under the circumstances the factual determination of the trial court in this respect was clearly wrong.
For the above reasons, the judgment of the district court is affirmed. The cost of this appeal is assessed to the plaintiff-appellant.
AFFIRMED.