PONDER, Judge,
dissenting.
I cannot agree that the actions of the plaintiffs constituted contributory negligence barring recovery under C.C. Art. 2315 or victim or third party fault barring recovery under C.C. Art. 2317.
The action pointed to by the trial court as contributory negligence, permitting the deceased to ride on a minibike with his older brother, has no relationship with the drowning in an oxidation pond. The child had been dropped off inside the gate within a short distance and within the eyesight of four adults. The riding of the minibike had ceased without adverse results. The open gate, with the older brother riding out and in on the minibike, does not constitute negligence under the circumstances, I believe. The inattention that allowed a child who had not wandered before, to escape the attention and eyesight of four adults working outside within a short distance of the child, who had no knowledge of danger of drowning in the opposite direction from the lake, does not amount to contributory negligence under C.C. Art. 2315 or victim or third party fault under C.C. Art. 2317, in my opinion.
The standard is best expressed in Smolinski v. Taulli, 276 So.2d 286, 290 (La.1973):
“A mother of small children is not required to chain them up or to act as their constant jailer in order to absolutely secure them from exposure to hazards negligently created or maintained by a tort-feasor. She is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances.”
See also Smith v. Trahan, 398 So.2d 572 (La.App. 1st Cir.1980).
The defendants have the burden of proving contributory negligence and victim or third party fault. They have not borne that burden.
I therefore dissent.