422 So.2d 260 (1982)
Donna LONDON
v.
Helen BELL and Aetna Life and Casualty Insurance Company, Casualty and Surety Division.
No. 13277.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
John J. Jackson, III, Jackson & Stovall, New Orleans, for plaintiff/appellee.
Melvin W. Mathes, Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, for defendants/appellants.
Before BARRY, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
The instant case involves a pedestrianautomobile accident. On June 5, 1980 at approximately 3:00 a.m., pedestrian plaintiff-appellee, Donna London attempted to walk across Claiborne Ave. at the intersection of Phillip Street in a north to south direction. Plaintiff-appellee safely traversed three of the four lanes in the street. As she attempted to step up onto the neutral ground from the edge of the fourth traffic lane, she was struck by the left side of the automobile driven by defendant-appellant, *261 Helen Bell. The trial court found specifically that plaintiff-appellee was free of contributory negligence and that defendant-appellant could have avoided the accident had she been paying requisite attention required of her. A total judgment of $155,748.65 was awarded consisting of $55,748.65 in special damages and $100,000.00 for past, present and future pain and suffering. The $55,748.65 in itemized specials included a sum of $40,000.00 for future loss of income capacity and potential.
Defendant has appealed avering two specifications of error:
1) That the trial court erred in not finding the accident was unavoidable and that the defendant took all reasonable efforts to avoid the accident.
2) That the trial court's award was excessive.
This case involves a factual determination based on the credibility of all witnesses. It is well established in our jurisprudence that the findings of the trier of fact will not be disturbed by the reviewing court in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Noel v. Esgard, Inc., 411 So.2d 1108 (4th Cir.1982). After a careful review of the testimony, exhibits and conclusions of the various medical experts as well as the accident reconstruction expert, it is our opinion there is no manifest error in the findings of the trial court as to liability or damages.
The defense of unavoidable accident and the "sudden emergency" doctrine can only be sustained to exonerate a driver in a pedestrian-automobile collision when the driver is confronted with a sudden emergency not of his or her own making and only then when he or she reacts as well as could reasonably be expected under the circumstances. There is no mutuality of risk between a pedestrian and automobile. The operator of a dangerous instrumentality, such as an automobile, creates a great risk of bodily harm to others. The pedestrian, on the other hand, endangers himself only and owes a duty primarily to himself. In contrast, the automobile operator owes a duty to the public to protect it from the danger created by that instrumentality. The motorist runs little risk of harm, physical or financial, from the pedestrian's negligence. Thus, a pedestrian's contributory negligence cannot bar his or her recovery where the motorist could have avoided the accident through the exercise of reasonable care. Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La. 1978); See also, Dufrene v. Dixie Auto Ins. Co., 373 So.2d 162 (La.1979); Ellender v. Attaway, 186 So.2d 171 (1st Cir.1966); Sixkiller v. Prechter, 118 So.2d 698 (Orl.La. App.1960).
The statutory law of this State is also clear as to the heavy burden upon motorists to protect pedestrians. La. R.S. 32:214 provides;
"... every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway."
Defendant testified she first saw the plaintiff when plaintiff was entering the first traffic lane and that she observed her walk across all three traffic lanes, that the area was well lit and that plaintiff was not aware of defendant's approach because plaintiff was looking straight ahead. She further testified there were no other vehicles on the road to interfere with fully changing lanes and that she did not blow her horn, blink her lights or swerve to avoid the accident. She stated she did apply her brakes but the evidence reveals there were no skid marks to indicate that the brakes were applied with as much force as possible to avoid impact. Besides defendant's testimony, the undisputed testimony of the accident reconstruction expert is that defendant had ample time and space on the roadway to have reacted and avoided the accident. He positively concluded from the approximate speed of the vehicle, speed of the pedestrian, lack of congestion on the roadway and the distance from the time defendant first observed the plaintiff to the time of impact, that the defendant had at least two options open to her to avoid the accident. *262 Defendant could have either stopped her vehicle in her own lane, or she could have swerved the vehicle into another lane. The evidence further indicates the possibility of defendant avoiding the accident completely by merely slowing her vehicle before plaintiff was struck when she was just one step from the neutral ground.
Thus, the facts of this case do not demand the application of the "sudden emergency" doctrine and a declaration that the accident was unavoidable. Clearly, this accident could have been avoided had the defendant exercised reasonable care and used the options available to her.
Defendant-appellant contends the trial court's award of damages was excessive as to future loss of wages and to pain and suffering and should be reduced by this Court. Defendant has not made a clear showing that the trial court abused the great discretion vested in it. Anderson v. Welding Testing Laboratory, 304 So.2d 351 (La.1974).
Plaintiff has sustained a 20% disability about her left knee. Prior to the accident, plaintiff had been employed nine years for a tomato packing company earning minimum wage. Her job required that she "stand on the line" in order to check the quality of the tomatoes. After nine years she had not shown any other skills in any other areas. The orthopedic surgeon stated that the type of work she had done for nine years would "aggravate" her condition and was "excessive" for her now. He testified that "she would have difficulty remaining on her feet for an extended period of time" as her job required. Her co-workers testified that in the three months she attempted to work, after her discharge from physical therapy, she was unable to do her job. She had to sit down most of the time and often her leg would collapse out from under her.
The economist testified that if she had been totally disabled her adjusted loss of future income would be $240,625.00. The trial court's award of $40,000.00 for loss of future income is certainly not an abuse of discretion, and is acceptable to this Court.
There is no doubt that plaintiff sustained serious and painful injuries. A careful and complete review of the record indicates plaintiff suffered excruciating pain. Plaintiff's pain was so severe that she constantly cried while in the hospital and was on morphine for four days. On one occasion she had to be given morphine twice within a fifteen minute period. Before and after the morphine, plaintiff had to be given codeine. In view of the severity of the pain and the fact that plaintiff will undergo future surgery we do not feel there was any manifest error in the trial judge's award for pain and suffering.
For the reasons assigned the rulings of the trial court as to damages and liability are affirmed.
AFFIRMED.