736 So.2d 943 (1999)
Velta FERGINS on Behalf of her minor child, Britnee FERGINS, Plaintiff-Appellant,
v.
CADDO PARISH SCHOOL BOARD and Its Insurer, United Community Insurance Company, Jointly and in solido, Defendants-Appellees.
No. 31,729-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*944 S.P. Davis, Sr., Shreveport, Counsel for Appellant.
Rountree, Cox, Guin, & Achee By Dale G. Cox, Shreveport, Counsel for Appellees.
Before WILLIAMS, CARAWAY and DREW, JJ.
CARAWAY, J.
After determining that a tree stump presented an unreasonable risk of harm on the school playground and caused injury to a third grader, the trial court assessed the third grader with one-third of the fault for the accident. Disputing that comparative fault assessment and the trial court's award for damages, the student and her mother appeal. We affirm in part and reverse in part.

Facts
On May 30, 1994, Britnee Fergins, an eight-year-old in the third grade at South Highlands Elementary School in Shreveport, tripped over a tree stump on the school playground and fractured her arm. Prior to the accident, Britnee had been playing on the school playground with her classmates during their end of the school year party. At the conclusion of the party, Britnee was walking towards the school building to line up to go home when she tripped and fell over the tree stump. From the photos of the accident scene, the stump was relatively small in diameter (six to eight inches) and extended approximately twelve inches above the ground.
Britnee's mother, Velta Fergins, took her to the LSU Medical Center ("LSUMC") emergency room on the day of the accident where x-rays revealed that Britnee had a fractured humerus of her right arm. Britnee is left-handed and her right arm was placed in a sling for six weeks. She also complained of pain for approximately two to three weeks following the accident. In bringing this action against the Caddo Parish School Board, Velta Fergins also claimed that she lost annual leave and vacation time in caring for Britnee after her accident.
Following a bench trial, the court concluded that the tree stump presented an unreasonable risk to the children and that the school board was responsible for the accident. However, the court further found Britnee to be contributorily negligent and assigned 331/3% of the fault to her. The trial court awarded Britnee $6,000 in general damages and special damages of $573 for LSUMC and $13.55 for the pharmacy bill. Britnee's general damages were reduced by one-third for the percentage of fault assigned to her. No award was made to Velta Fergins for her claims. From this judgment, the plaintiffs now appeal.

Comparative Negligence
The plaintiffs contend on appeal that the trial court erred in finding Britnee negligent and in apportioning to her a percentage of fault. We agree.
To determine what percentage of fault to allocate to each party, we must look at the conduct of the parties. In assessing their conduct in determining fault, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty *945 Insurance, 469 So.2d 967 (La.1985). However, a child is not held to the same standard of care as that of an adult; rather the test is whether the child, considering his age, background and inherent intelligence, indulged in gross disregard of his own safety in the face of known, understood and perceived danger. Fields v. Senior Citizens Center Inc., 528 So.2d 573 (La. App. 2d Cir.1988). It is well settled that a child of eight years of age is capable of negligence. Thibodeaux v. Fireman's Fund Insurance Company, 325 So.2d 318 (La.App. 3d Cir.1975).
In reviewing the school board's fault under La. R.S. 9:2800, the trial court determined that the school board probably had knowledge, or at least should have known, of the existence of the tree stump which posed an unreasonable risk of harm to students on the playground. Although this finding is no longer in dispute on this appeal, it is important for the comparative fault analysis that the school board's fault be understood and weighed from the perspective of its active negligence in first cutting the tree above the ground level and leaving the stump and thereafter in failing to recognize the serious risk posed to students. The duty placed upon the school board for the routine maintenance of a playground is great so that obvious hazards to children's safety are alleviated. The location of the particular stump in this instance was adjacent to a concrete bench. A trip and fall by a student into the bench could have caused a more serious injury. The cost of prevention was inconsequential. The same maintenance that initially caused the cutting of the small tree could have just as easily cut the tree off flush with the ground.
On the other hand, Britnee's actions at the time of the accident were well within the standard of care expected of a student using the playground. Britnee testified that she tripped while walking back to the school building upon the directive of a teacher at the building. From our review of the testimony and photos of the accident scene, Britnee chose a path that caused her to walk beside the large tree at one end of the concrete bench and to cut in between the tree and the bench. As she walked between those objects, the stump lay at her feet adjacent to the bench as she exited the narrow opening between the bench and the large tree. The stump could easily have been shielded from view by the large tree as she approached. She testified that she did not see the stump and that at the moment of impact she was looking up.
In measuring Britnee's actions, it is most significant that her trip and fall resulted from her inadvertence on a playground where she would be expected to feel safe and at ease. She was not running, nor is this a case where she was to any extent reckless or unreasonable in utilizing the playground or its equipment.[1] The path she chose in crossing the playground was a path any child might take, and because of the rather narrow opening between the tree and the bench, her failure *946 to see the stump cannot be held as negligence on her part.
Accordingly, we conclude that the school board's duty in this instance encompassed the risk that a child at play in a nonreckless and reasonable manner might inadvertently be injured by the defective condition of the playground and that no fault may therefore be assessed against Britnee.

General Damages
Plaintiffs argue that the trial court committed manifest error in awarding inadequate general damages in the amount of $6,000 for Britnee's fractured humerus and that an award of $40,000 is warranted.
General damages are those which may not be fixed with pecuniary exactitude. They instead involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitively measured in monetary terms. Kessler v. Southmark Corporation, 25,941 (La. App.2d Cir.9/21/94), 643 So.2d 345.
The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La. 1993); Jones v. Thomas, 27,140 (La.App.2d Cir.8/23/95), 660 So.2d 86, writ denied, 95-2351 (La.12/8/95), 664 So.2d 426. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, supra. Only after such an abuse of discretion is noted will a resort to prior awards be appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. Youn, supra.
While Britnee's fractured humerus was obviously painful, it was not a very serious injury. Britnee's pain lasted three weeks. Her injury required that her arm be placed in a sling only, without a cast, for six weeks, and no surgery or hospitalization was needed. Furthermore, her arm healed completely and she was able to return to her normal activities within a few months. Finally, on July 7, 1994, approximately six weeks after the accident, her physician, Dr. Reddy, noted that Britnee had no complaints and was doing well. He also stated that she had a full range of motion of her shoulder and showed no signs of tenderness. Britnee was completely discharged on September 9, 1994.
While reasonable persons can disagree about the trial court's award of $6,000, we cannot conclude that it is abusively low. Finding no abuse of the trial court's vast discretion to award general damages, we affirm the general damages award of $6,000.

Special Damages
Plaintiffs finally argue that the trial court committed reversible error in failing to award Velta Fergins an amount for loss wages. Ms. Fergins contends that she used three weeks of vacation and sick time to care for her minor daughter, Britnee.
There are cases in Louisiana where the parent of a child has been awarded special damages for lost wages incurred while staying home to care for their injured child. See, Richard v. Walgreen's Louisiana Co., 476 So.2d 1150 (La.App. 3d Cir. 1985); Smith v. Trahan, 398 So.2d 572 (La.App. 1st Cir.1980). Such awards appear not to fall into any category for loss of consortium. Bell v. USAA Casualty Insurance Company, 30,172 (La.App.2d Cir.1/21/98), 707 So.2d 102, writ denied as to defendant, 98-0712 (La.5/8/98), 718 So.2d 433, writ denied as to plaintiff, 98-0766 (La.5/8/98), 718 So.2d 434.
Thus, the lost wages, as special damages, must be proven with some pecuniary exactitude. Lost earnings need not *947 be precisely proven, but they must be shown with reasonable certainty. Moore v. Chrysler Corp., 596 So.2d 225 (La.App. 2d Cir.1992), writs denied, 599 So.2d 316, 317 (La.1992); Finley v. Bass, 478 So.2d 608 (La.App. 2d Cir.1985). To recover, a plaintiff must show proof to reasonably establish his claim. Weber v. Brignac, 568 So.2d 1129 (La.App. 5th Cir.1990).
The testimony regarding Ms. Fergins lost vacation time was conflicting. Ms. Fergins testified that she took three weeks of accumulated vacation time and annual leave in order to care for her daughter. Her supervisor, Mr. Moody, testified that she was given additional time and that the time she missed was not charged against her vacation time or annual leave. Faced with these different testimonies the court determined that "there had not been significant proof to meet the preponderance of the evidence requirement or burden on the amount of lost wages."
This court cannot set aside a trial court's finding of fact in the absence of manifest error or unless the finding is clearly wrong. Stobart v. Department of Transp. & Dev., 617 So.2d 880 (La.1993). Where there is conflicting testimony, findings based on reasonable credibility determinations and reasonable inferences of fact will not be disturbed upon review. See, Stobart, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989). Having reviewed all of the testimony, we conclude that the trial court's finding that Ms. Fergins did not meet her burden on the lost wages was reasonable.

Conclusion
For the foregoing reasons, we affirm in part and reverse in part. Costs of the appeal are to be paid by the appellees.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] The following cases represent situations in which children were found to be contributorily negligent. In contrast to the case at hand, each child in these cases acted unreasonably in relation to a known risk. In Frelow v. St. Paul Fire & Marine Insurance Company, 93-759 (La.App. 3d Cir.2/2/94), 631 So.2d 632, the trial court found a ten-year-old boy to be negligent for walking too fast while carrying a plate of food and apportioned forty percent of the fault to him for his trip and fall. In Rollins v. Concordia Parish School Board, 465 So.2d 213 (La.App. 3d Cir.1985), a nine-year-old girl broke her leg while trying to get off of a moving merry-go-round on her school playground. The trial court found her to be negligent because she was riding on the inside of the merry-go-round even after she had been instructed on the proper way to use this equipment and after she had been admonished by her teacher for riding the merry-go-round improperly. Finally, in Killough v. Bituminous Casualty Corp., 28,329 (La.App.2d Cir.5/8/96), 674 So.2d 1091, a boy, two days shy of his tenth birthday, was playing on an oil well pump and got his foot crushed by a mechanism of the pump. This court determined that the boy was negligent for playing on the well after he had been warned of the dangers of the pump.